E. D. LATTA et al. v. J. A. BELL, Trustee, et al.

(Decided May 3, 1898.)

*Chattel Mortgage—Description—Construction of Deed —Mistake—Evidence.*

1.  Where a chattel mortgage conveyed all the property in the "room or rooms known as the 'B. Hotel Bar' or the 'B. Hotel Billiard Room' and the 'B. Hotel Barbershop'," it cannot be construed to include liquors from which the bar was supplied but which were in a cellar on a different floor from and unconnected by door or otherwise with the bar-room, billiard room and barbershop. Such description was not ambiguous and should not have been submitted to the jury.

2.  The fact that, on the morning on which a chattel mortgage was executed, the mortgagor promised to include certain property is not evidence that it was omitted from the mortgage through the mutual mistake of the parties or the inadvertance of the draughtsman.

CIVIL ACTION, tried before *Hoke, J.,* and a jury at October Term, 1897, of MECKLENBURG Superior Court. There was a verdict for the defendant and from the judgment thereon the plaintiff appealed. The facts are stated in the opinion.

*Messrs. Burwell, Walker* and *Cansler,* for plaintiffs, (appellant.)

*Messrs. Jones & Tillett* for J. A. Bell, Trustee.

MONTGOMERY, J.: Farintosh & Amer, who were the

122—41

lessees of the Buford Hotel in Charlotte, executed on the 10th of August, 1895, a deed of trust to E. T. Cansler to indemnify and save harmless E. D. Latta who had endorsed, for discount, the note of Farintosh & Amer. Latta was compelled to pay the note. The property conveyed in the deed of trust is described in these words: "The following property in the City of Charlotte, N. C., in that room or rooms known as the Buford Hotel Bar, or Buford Hotel Billiard Room and the Buford Hotel Barber Shop, to-wit: one billiard table, the only one we own and which we purchased from the Brunswick Balke Company, two pool tables, the only two we own, and which we purchased from the Brunswick Balke Company, one ice-box, one bar counter, all mirrors and glasses and all glassware, all barber shop fittings, one cash register, all furniture in bar or billiard rooms, all chairs and all other personal property of every class, kind and description now owned by us in the said room or rooms in the said city, known, as before mentioned, as the Buford Hotel Bar or the Buford Hotel Billiard Room and the Buford Hotel Barber Shop."

On the 26th of September, 1895, Farintosh & Amer executed to James A. Bell, as trustee, a deed of assignment in which they conveyed " all and singular the lands, goods, chattels, promissory notes, debts, claims and property and effects of every class, kind and description, belonging to the parties of the first part wherever the same may be situated, and especially all that property of every class, kind and description in the Hotel, known as the Buford Hotel in Charlotte, N. C., and the Buford Hotel Bar and the Buford Hotel Barber Shop . . . except such property as is exempt by law from levy and sale under execution."

There was a clause in the assignment making it sub-

ject to the lien of the deed of trust to Cansler for the benefit of Latta. The defendant Bell, the assignee, took possession of the property mentioned in the deed to him and which is described in the plaintiff's complaint. By agreement between the plaintiff and defendant, Bell sold the property for $500, and holds the proceeds subject to the determination of the rights of the parties under the law.

The whole question depends, therefore, upon whether or not the deed to Cansler conveyed the property turned into cash by the defendant Bell.

The property was found by Bell in a cellar or basement of the Hotel Buford, unconnected by door-way with the bar room and on a different floor from the bar room. The contention of the plaintiff is that the goods taken into possession by Bell and sold, consisting of liquors, and from which the bar was supplied, was in contemplation of law a part of the bar room, and that the property passed to Cansler because the cellar or basement was included in the words in the deed "room or rooms" known as the Buford Hotel Bar or Buford Hotel Billiard Room and the Buford Hotel Barber Shop. His Honor deeming the language of the deed of trust as to what passed under the deed ambiguous, submitted this issue to the jury: "Was the property in dispute included in the mortgage to E. T. Cansler, mortgagee, and E. D. Latta?" for them to find whether the terms of the deed of trust, as intended and used by the parties, included the cellar. We think he was in error in submitting that issue to the jury. We think that the language used in the deed, "room or rooms known as the Buford Hotel Bar or Buford Hotel Billiard Room and the Buford Hotel Barber Shop," have a definite legal meaning, and their meaning one of construction

for the Court. The Hotel Bar meant the room in which liquors were sold. The lexicographers define bar to be an enclosed place of a tavern, inn or coffee house, where the landlord or his servants delivers out liquors and waits upon customers. The jury however found the issue correctly and no harm has been done by its submission to them.

But, in his complaint for a separate cause of action, the plaintiff alleged that it was the intention and purpose of the parties in the deed of trust to Cansler that the property should be included in the description in the deed, and that it was omitted by the mutual mistake of the parties. or the inadvertence of the draftsman ; and there was a prayer that the deed should be amended and reformed so as to express the true intention of the parties. Under this view, his Honor submitted this issue, "Was said property omitted from such mortgage by mutual mistake of the parties?" The answer to the issue was "No." If there had be enany sufficient testimony going to prove that there was any mistake in the execution of the deed of trust as alleged in the complaint, then it would be necessary for us to consider the plaintiff's first alleged ground for a new trial, that is, the nature and character of the argument of the defendant's counsel to the jury. But there was an absolute lack of proof tending to show a mistake of any kind in the deed of trust to Cansler. It is true that Latta testified that on the morning on which the deed of trust was executed to Cansler, the debtors Farintosh & Amer promised him to mortgage all the wine and whiskey they had on hand, but not a word did he say about that being the understanding and agreement at the time when the deed was actually made and that it had been

omitted by mistake of the parties or the draftsman. The judgment is affirmed.

Affirmed.